UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF EL PASO J.A.G., INC. F/K/A EL PASO J.A.G., INC., <br><br> Plaintiff, <br><br> v. <br><br> FIDELITY AND DEPOSIT COMPANY OF MARYLAND, et al., <br><br> Defendants. | No. 1:25-cv-01220-JPH-MJD |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint, [Dkt. 34], and Plaintiff's Motion to Deposit Funds, [Dkt. 35]. For the reasons set forth below, both motions are **DENIED**.

Plaintiff's Motion to Deposit Funds is brought pursuant to Federal Rule of Civil Procedure 67(a), which provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Plaintiff seeks to deposit $29,389.20, which is the amount of a payment Defendant CMS Corporation made to Plaintiff under the contract that is at issue in this case before this case was

filed. Plaintiff alleges in its Complaint that CMS owed Plaintiff $207,527.08 under the contract; CMS alleges that it only owed $29,389.20. Plaintiff has asked for instructions from CMS for returning what Plaintiff deems to be an improper partial payment; CMS has not provided such instructions. Thus, Plaintiff essentially seeks to reject the funds by depositing them with the Court.

This is not a proper use of Rule 67. "'The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto.'" *Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541, 545 (7th Cir. 2017) (quoting *Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007)).

> It follows logically that a district court should not grant a Rule 67 motion unless the question of entitlement is genuinely in dispute. *See, e.g., Gulf States Utils. Co. v. Ala. Power Co.,* 824 F.2d 1465, 1475 (5th Cir. 1987). Moreover, the entitlement dispute must be live; that is, the dispute must be extant at the time the court is asked to grant the Rule 67 motion. *See Mfrs. Hanover Overseas Capital Corp. v. Southwire Co.,* 589 F. Supp. 214, 221 (S.D.N.Y. 1984).

*Alstom Caribe, Inc.*, 484 F.3d at 113. Here there is no dispute about who is entitled to the $29,389.20; both parties agree that Plaintiff is entitled to it. Plaintiff simply believes it is entitled to an additional amount under the contract and does not wish to be seen as accepting a partial payment as payment in full. The Court declines to incur the administrative burden of receiving and holding funds in order to enable Plaintiff to fulfill what it apparently sees as its obligation under the contract to return the partial payment. Therefore, Plaintiff's motion to deposit funds is **DENIED**.

Because Plaintiff's proposed Amended Complaint assumes that the motion to deposit funds will be granted and references the existence of deposited funds, Plaintiff's motion to amend its complaint, [Dkt. 34], also is **DENIED**. However, the Court *sua sponte* enlarges the deadline

for filing motions to amend the pleadings in this case to **November 26, 2025**, so Plaintiff may file a new motion to amend its complaint that is consistent with this order if it wishes to do so.

    SO ORDERED.

Dated:  14 NOV 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.